UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FRANCIS L. GUADAGNO,

                Plaintiff,

           v.

M.A. MORTENSON COMPANY and
YAHOO! INC.,

                Defendants.

**Hon. Hugh B. Scott**

**15CV482V**

**Report
&
Recommendation**

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 4, dispositive referral Order of Oct. 19, 2016). The instant matter before the Court is a motion of plaintiff (Docket No. 21) to (a) amend the Complaint to add a new defendant, (b) join that defendant, and (c) remand this case to New York State Supreme Court due to lack of diversity upon joinder of this new defendant.

Responses to this motion were due by February 10, 2017, with any reply by February 17, 2017 (Docket No. 22). Defendants duly responded with defense counsel's affirmation with exhibits and responding Memorandum of Law (Docket No. 27). Plaintiff submitted his reply (Docket No. 28), consisting of his attorney's reply affidavit with exhibits.

Given that a remand is sought if plaintiff's motion for leave to amend and join is granted, this Court is rendering this Report & Recommendation, Williams v. Beemiller, Inc., 527 F.3d 259, 265 (2d Cir. 2008); see Docket No. 22.

Plaintiff later moved to expedite the hearing of the pending motion to allow for a timely commencement of an action here against Anastasi Trucking, before the expiration of the statute of limitations, on February 21, 2017 (Docket No. 23, Pl. Atty. Decl. ¶ 3; Docket No. 23, Pl. Memo.).  Following responsive briefing from defendants (Docket No. 25; see Docket No. 24), this Court denied an expedited hearing, concluding that plaintiff separately filed the action against Anastasi Trucking in state court, hence the need for expedited consideration was removed (Docket No. 26).  That Order also noted that the existing Scheduling Order deadlines (Docket No. 19) may need to be amended following consideration of the pending motions (Docket No. 26, Text Order of Jan. 30, 2017).

## BACKGROUND

*Procedural History*

This is a removed diversity personal injury action (with a New York State plaintiff suing non-New York defendants, M.A. Mortenson Company a Minnesota corporation and Yahoo! Inc. a Delaware and California corporation) for violations of New York Labor Law §§ 240(1), 241(6), and 200, following plaintiff's fall from scaffolding at the Lockport, New York, jobsite for Yahoo!'s new facility (Docket No. 1, Notice of Removal).  Prior to its removal, plaintiff alleged the Town of Lockport Industrial Development Agency ("Town of Lockport IDA") was also a defendant (a New York State municipal corporation), but the parties stipulated the Town of Lockport IDA out as a party (Docket No. 1, Notice of Removal, Ex. E).  Plaintiff then filed an Amended Complaint in state court (Docket No. 1, Notice of Removal, Ex. F) which also expressly alleges damages over $75,000, which defendants answered (id., Ex. G) and then removed to this Court (Docket No. 1, Notice of Removal).

This Court eventually held a Scheduling Conference in this case (Docket No. 10; see Docket Nos. 5, 6, 7) and entered a Scheduling Order (Docket No. 11), which had motions for leave to amend and to add parties due by January 15, 2016 (id.). That Scheduling Order later was extended (Docket No. 19; see Docket Nos. 15, 16, 17, 18) with discovery to be completed by February 28, 2017 (Docket No. 19), but the deadline for leave to amend and to add parties was not extended and the parties (Docket Nos. 15 (defendants' motion for extension of discovery deadline), 17 (plaintiff's attorney's declaration consenting to sought extension)) did not seek to extend that deadline.

*Plaintiff's Claims*

In February 2014, plaintiff worked for Manning, Squires & Henning ("Manning") on defendant Yahoo!'s data center construction project, to assist the carpenters with form work needed for the concrete foundations (Docket No. 21, Pl. Atty. Aff. ¶ 12, Ex. D, Pl. EBT Tr. at 14, 14-17). At the time of the accident, plaintiff was working on a scaffold he believed was constructed by Manning carpenters (id. ¶ 12, Ex. D, EBT Tr. at 20). The scaffold here was not at a uniform height and lacked railing to indicate a change in elevation as required for the scaffold system employed (id. ¶¶ 13-15, Ex. D, EBT Tr. at 37-40, 21-26, 40-42). Plaintiff contends that defendant M.A. Mortenson and Manning's investigation of the accident shows that it was caused by the improper and inadequate construction of the scaffold (id. ¶ 19).

*Plaintiff's Present Motion to Amend and Join Anastasi Trucking (Docket No. 21)*

Plaintiff now moves to amend the Complaint to add a New York contractor, Anastasi Trucking, as a defendant, hence requiring remand of the action to New York State Supreme Court (Docket No. 21). He alleges that Anastasi Trucking employee Joseph Ventresca testified

3

on January 21, 2017, that he was involved in construction of the scaffolding at issue (Docket No. 21, Pl. Atty. Aff. ¶¶ 19, 20, Ex. I, EBT Tr. at 4-13, 24-26; Docket No. 28, Pl. Atty. Reply Aff. ¶¶ 15-17), testifying that he helped with assembly of scaffold brackets and planking. Plaintiff concludes that Anastasi Trucking was liable under Labor Law § 200 for construction of an inadequate scaffolding system, and (if discovery shows) it also may be liable under Labor Law §§ 240(1) and 241(6) (Docket No. 21, Pl. Atty. Aff. ¶ 21).

Plaintiff meanwhile commenced a state court action against Anastasi Trucking in order to avoid the statute of limitations bar (see Docket No. 21, Pl. Memo. at 9; Docket No. 23, Pl. Memo. re Motion for Expedited Hearing at 2).

Defendants counter that the time for amendment of the Complaint passed a year ago (Docket No. 27, Defs. Atty. Decl. ¶ 11). They contend that information about Anastasi Trucking was available to plaintiff "years ago and certainly prior to the expiration of [the] deadline for the addition of parties set forth in this Court's Scheduling Order" (id. ¶ 13), with former Anastasi Trucking employee Ventresca disclosed as a plaintiff's witness on December 10, 2015 (id. ¶ 14, Ex. A). If not aware of this information, defendants conclude that plaintiff could have acquired this information in 2015 or 2016, well before the motion to amend deadline (id. ¶ 15). This case has been pending, with discovery well underway, for twenty months; defendants contend that they would be prejudiced if a new defendant is added (id. ¶¶ 18, 19, 7-10). Since plaintiff has a pending state court action against Anastasi Trucking, defendants conclude that joinder in this action is unnecessary (see id. ¶ 20). Defendants produced the testimony of another Manning employee (id. ¶ 25, Ex. C, EBT Tr. Dominic Tallarico at 22, 30) and a Manning supervisor (id. ¶ 27, Ex. E, Mike Brotherton EBT Tr. at 26, scaffold set up by Manning without assistance)

4

claiming that Manning carpenters erected the scaffold (id. ¶ 25, Ex. C, EBT Tr. Dominic Tallarico at 22, 30) without Anastasi Trucking. Defendants also claim that Ventresca testified that he assisted in constructing this scaffold on his own and not under the direction of Anastasi Trucking (id. ¶ 26, Ex. D, EBT Tr. Joseph Ventresca 11-12, 15, 19-20, 23, 21); in fact he testified that he probably was not supposed to help Manning that day but did so anyway (id., Ex. D, Ventresca EBT Tr. at 22). Defendants argue that plaintiff has not produced evidence of Ventresca or other Anastasi Trucking employees installing or creating a trip hazard or difference in elevation in the scaffold (id. ¶ 28). They conclude that the proof here is that Anastasi Trucking was only the site subcontractor and Manning was responsible for the scaffold; therefore, the likelihood of multiple litigation here is remote (id. ¶¶ 29, 30). Furthermore, New York Labor Law §§ 240(1) and 241(6) applies only to owners and general contractors and not to subcontractors (id. ¶ 32) such as Anastasi Trucking. As for plaintiff's claim under Labor Law § 200, defendants argue that plaintiff needs to show that Ventresca created a defective condition on the scaffold that caused the accident, which Ventresca denies, and that he was doing this within the scope of his employment with Anastasi Trucking (id. ¶ 34). If plaintiff were to move for summary judgment under Labor Law §§ 240 and 241 against the current defendants, then his claims under § 200 against Anastasi Trucking would become moot (id. ¶ 35). Finally, defendants argue that this motion is a pretext to eliminate federal diversity jurisdiction here (id. ¶¶ 36, 37-40), contending that the stipulation to remove the Town of Lockport IDA was entered because there was no timely notice of claim filed with that agency (id. ¶ 39).

5

**DISCUSSION**

I.   Applicable Standards

    A.   Interaction of Rules and Removal, Rules 15, 20, 28 U.S.C. § 1447(e)

Several rules appear to impact plaintiff's motion. First, he seeks leave to amend the Complaint; that motion usually is governed by Federal Rule of Civil Procedure 15(a) (cf. Docket No. 21, Pl. Memo. at 1-2), if timely under the Scheduling Order (but cf. Docket No. 27, Defs. Memo. at 2, arguing that Rule 16 good cause supersedes an untimely motion for leave to amend). Plaintiff's present motion, however, seeks to join a defendant, which is governed by Rule 20(a)(2) for permissive joinder of a defendant (id. at 2, 3-5). Defendants may be joined under that rule if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2)(A)-(B).

The effect of joining this defendant would defeat diversity jurisdiction. Given that this motion is made post-removal, 28 U.S.C. § 1447(e) remand procedures come into play (id. at 2). Under that provision, this Court has the choice of (a) denying joinder or (b) permitting joinder and then remanding the action, 28 U.S.C. § 1447(e). Rule 15(a) and its liberal amendment standard (save when an amendment would be futile) do not apply since adding the non-diverse defendant would defeat jurisdiction absent § 1447(e), Ricciardi v. Kone, Inc., 215 F.R.D. 455, 456 (E.D.N.Y. 2003); White v. City Fin. Co., 277 F. Supp.2d 646, 650 n.7 (S.D. Miss. 2003); Johnson v. Sepulveda Props., Inc., No. CIV.A. 99-2312, 1999 WL 728746, at *2 (E.D. La. Sept. 16, 1999).

6

The decision whether to grant joinder in this context, even if it defeats diversity jurisdiction, is within this Court's sound discretion, Ricciardi, supra, 215 F.R.D. at 456; Moncion v. Infra-Metals Corp., No. 01 Civ. 11389, 2002 U.S. Dist. LEXIS 24192, at *5 (S.D.N.Y. Dec. 18, 2002); Masters v. Erie Ins. Co., No. 13CV694, 2014 U.S. Dist. LEXIS 19037, at *3-5 (W.D.N.Y. Feb. 13, 2014) (Skretny, Ch.J.).

Under section 1447(e) and Rule 20(a)(2), this Court engages in two-part analysis,

> "first, the Court must evaluate whether the joinder of an additional defendant is permissible under Federal Rule of Civil Procedure 20(a)(2) . . . . If the Court finds that joinder is permissible, the Court then turns to the second step, which requires the Court to conduct a fundamental fairness analysis in order to ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand."

Vanderzalm v. Sechrist Indus. Inc., 875 F. Supp. 2d 179, 183 (E.D.N.Y. 2012) (quotations and citations omitted); Pusey v. Bank of Am., N.A., No. 14-CV-04979, 2015 U.S. Dist. LEXIS 77706, at *3 (E.D.N.Y. June 16, 2015). Four relevant factors are, Vanderzalm, supra, 875 F. Supp. 2d at 184, 184-89:

>    (1) whether the plaintiff delayed in moving to amend;
>    (2) the resulting prejudice to defendants from joinder;
>    (3) the likelihood of multiple litigation; and
>    (4) plaintiff's motivation in moving to amend,

id. at 184; Kregg v. Am. Suzuki Motor Corp., No. 07cv501, 2008 U.S. Dist. LEXIS 73595, at *4 (W.D.N.Y. 2008) (Arcara, Ch.J.). These fundamental fairness factors are considered on the totality of circumstances, Vanderzalm, supra, 875 F. Supp. at 184.

B.   Timeliness of Amendment, Rule 16(b)

A scheduling Order under Rule 16(b) supersedes the liberal amendment standard of Rule 15 if a movant seeks leave after the deadline for motions to amend passed, Parker v.

7

Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000) (Sotomayor, J.); see Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007).  Rule 16(b) "also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed," Kassner, supra, 496 F.3d at 243.  "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'  See Fed. R. Civ. P. 16 advisory's committee note (1983 amendment, discussion of subsection (b))," Parker, supra, 204 F.3d at 339-40.  Denying leave to amend due to violation of the scheduling Order deadline is under this Court's discretion where the moving party fails to establish good cause to amend the scheduling Order deadline, Parker, supra, 204 F.3d at 339, 340; Kassner, supra, 496 F.3d at 242, 243.

Under Rule 16, a Scheduling Order (including deadline for joining parties and amendment of pleadings, Fed. R. Civ. P. 16(b)(3)(A)) "may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4); see W.D.N.Y. Loc. Civ. R. 16(b)(4).  As noted by Magistrate Judge Foschio, to demonstrate "good cause" "a party must show that despite [his] diligence the time table [in the scheduling order] could not have reasonably been met," Carnrite v. Granada Hosp. Grp., Inc., 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (Foschio, Mag. J.) (citation to quote omitted); Willet v. City of Buffalo, No. 15CV330, 2016 U.S. Dist. LEXIS 150499, at *5 (W.D.N.Y. Oct. 31, 2016) (Roemer, Mag. J.).  Good cause here "depends upon the diligence of the moving party," Parker, supra, 204 F.3d at 340.  A moving party "may demonstrate 'good cause' by moving to amend promptly after the discovery of new evidence following the scheduling deadline," Valentin v. City of Rochester, No. 11CV6238, 2016 U.S.

8

Dist. LEXIS 136141, at *20 (W.D.N.Y. Sept. 30, 2016) (Payson, Mag. J.). "Yet, 'where the substance of the proposed amendment was known to the movant [earlier in the proceedings], but the movant nevertheless failed to act, courts have denied leave to amend under Rule 16.' 380544 Canada, Inc. v. Aspen Tech, Inc., [No. 07 Civ. 1204] 2011 U.S. Dist. LEXIS 103951 … (S.D.N.Y. [Sept. 14] 2011)," Valentin, supra, 2016 U.S. Dist. LEXIS 136141, at *21. Where the movant "inexcusably delays after determining that he wishes to allege new claims, whether by discovering new evidence or otherwise, will not satisfy the good cause standard," id. (citations omitted).

Magistrate Judge Payson in Valentin, supra, 2016 U.S. Dist. LEXIS 136141, at *21, cites various cases holding that the movants there failed to exercise diligence, hence lacked good cause to extend the amendment deadlines of scheduling Orders. Those cases involved situations where the movants knew of the new party or claim and failed to act over long periods of time before seeking leave to amend, e.g., Volunteer Fire Assoc. of Tappan, Inc. v. County of Rockland, No. 09CV4622, 2010 U.S. Dist. LEXIS 125394, at *11 (S.D.N.Y. Nov. 24, 2010) (moving four months after advising court that it wished to do so); Baergas v. City of N.Y., No. 04 Civ. 2944, 2005 U.S. Dist. LEXIS 18785, at *27-28 (S.D.N.Y. Sept. 1, 2005) (two-month delay in filing motion after advising court of intent to do so); Lawrence v. Town of Cheektowaga, No. 04CV963, 2006 U.S. Dist. LEXIS 48617, at *7-9 (W.D.N.Y. 2006) (Skretny, J.) (delay in one year after plaintiff obtained information and after being advised by the Court of the availability of claim); see also Parker, supra, 204 F.3d at 340-41 (plaintiff aware of proposed amending claim prior to commencing action), or failed to explain when the new information was discovered, Rambarran v. Mount Sinai Hosp., No. 06 Civ. 5109, 2008 U.S. Dist. LEXIS 30580,

9

at *8-9 (S.D.N.Y. Mar. 28, 2008) (failed to identify new evidence or when it was obtained for motion to amend filed five months after deadline) (Freeman, Mag. J.).

This Court has to "weigh the good cause shown for the delay against the prejudice to the non-movant that will result from the amendment," Valentin, supra, 2016 U.S. Dist. LEXIS 136141, at *21-22, with "considerations of prejudice include whether the new claim would (i) require significant additional discovery; (ii) significantly delay the resolution of the dispute; or, (iii) prevent the non-moving party from bringing a timely action in another jurisdiction," id., at *22; see also Kassner, supra, 496 F.3d at 244. "However, the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)," Woodworth v. Erie Ins. Co., No. 05CV6344, 2009 U.S. Dist. LEXIS 100834, at *8 (W.D.N.Y. Oct. 29, 2009) (Siragusa, J.) (emphasis in original omitted); Valentin, supra, 2016 U.S. Dist. LEXIS 136141, at *22.

II.     Rule 16 and Timeliness of Plaintiff's Motion

Defendants first object that this motion is untimely under the original Scheduling Order (Docket No. 27, Defs. Memo. at 1-7). Here, plaintiff was aware of Ventresca to include him in the initial disclosure witness list in December 2015 (Docket No. 27, Defs. Atty. Decl. ¶ 14, Ex. A), but plaintiff contends that he later learned of Ventresca's (and, as plaintiff argues, by extension his employer, Anastasi Trucking's) role in the assembly of the scaffold. Defendants raise issues about when plaintiff learned (or should have learned) of these claims and then disputes whether these are sufficient to state a claim against Anastasi Trucking, suggesting that Ventresca acted on his own and in a limited fashion (possibly not even causing plaintiff's fall) (Docket No. 27, Defs. Memo. at 6; id., Defs. Atty. Decl. ¶¶ 27-29, Ex. E).

First, at this stage of the action, this Court cannot determine the sufficiency of plaintiff's new claims. For purpose of determining whether plaintiff had good cause under Rule 16 for this belated motion, an analogous futility analysis from Rule 15(b) comparable to the motion to dismiss standard of Rule 12(b)(6) comes into play, with this Court accepting the facts alleged by the party seeking to amend and join as true and construing them in the light most favorable to that party, Cooper v. Trustees of the College of the Holy Cross, No. 13 Civ. 8064 (KPF), 2014 U.S. Dist. LEXIS 82464, at *34 (S.D.N.Y. June 17, 2014)(quoting Aetna Cas. and Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005)). "A proposed claim or defense is not futile if it 'plausibly give[s] rise to an entitlement to relief,'" Cooper, supra, 2014 U.S. Dist. LEXIS 82464, at *34 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). The question here is not the merit of the proposed amendment but whether the movant showed good cause and its diligence for seeking to make the amendment out of time.

The only issue under Rule 16(b) is whether plaintiff shows good cause in moving after the time for motions for leave to amend or join new parties. Plaintiff did not seek amendment of the Scheduling Order to extend that deadline; the extension sought here (by defendants, Docket No. 15, and consented to by plaintiff, Docket No. 17) was for extension of the subsequent deadlines for discovery (Docket Nos. 15, 19). While plaintiff was aware of Ventresca to identify him in plaintiff's December 2015 initial disclosure, plaintiff apparently did not know Ventresca's role in setting up the scaffolding until his deposition months later (see Docket No. 28, Pl. Atty. Reply Aff. ¶¶ 4, 8). This January, Plaintiff's counsel in another case arising from an accident at the same Yahoo! construction site learned that Anastasi Trucking performed work there outside the scope of its subcontract, with a witness testifying on January 6, 2017, that Anastasi Trucking

11

typically had its laborers perform work beyond the scope of its subcontract (id. ¶ 5, Ex. A). With this unusual practice, plaintiff's counsel then sought to question other Anastasi Trucking employees, including Ventresca, about this practice (id. ¶ 6), and further probed into Ventresca's role with the scaffold that led to plaintiff's claims (id. ¶ 7). This is how plaintiff learned that Anastasi Trucking also may be responsible in this case.

Although plaintiff could have investigated or interviewed Ventresca (initially identified as an eyewitness to the condition of the scaffold and not as one who helped to build it, see id. ¶ 4) sooner, revelation of the facts of a possible claim against Ventresca's employer, Anastasi Trucking occurred at that January 2017 deposition. The earlier focus of the case was establishing defendants' liability and not necessarily to find all the parties that were potentially responsible. This differs from Valentin, supra, 2016 U.S. Dist. LEXIS 136141, at *22-23, where that plaintiff was provided the information identifying the new claim fourteen months before moving for leave to amend, or in the cases cited by Magistrate Judge Payson there (and noted above) discussing the good cause standard. Plaintiff in the case at bar explained that he only learned of Ventresca's role when he testified; in the other cases, those movants had the facts but held off on moving to amend (see at page **[▯9-10]**, supra). What might happen to plaintiff's Labor Law § 200 claim if he moves for summary judgment on his Labor Law §§ 241 and 240 claims (cf. Docket No. 27, Defs. Atty. Decl. ¶ 35) also is premature at this stage and should not be used to determine plaintiff's diligence or good cause for a belated motion.

Plaintiff's good cause next is balanced with the prejudice adding a new defendant at this stage in the case. As defendants point out (Docket No. 27, Defs. Atty. Decl. ¶¶ 18, 19), discovery is almost completed with the existing parties and they anticipate filing dispositive

motion papers. Adding a new defendant would require further extending discovery, although plaintiff argues that defendants' claimed increase in discovery occurred after plaintiff announced that there may be an additional defendant and that added discovery was done to avoid duplication later on (Docket No. 28, Pl. Atty. Reply Aff. ¶ 10). Anastasi Trucking in its Answer may allege claims, crossclaims (as plaintiff acknowledged may be lodged, cf. Docket No. 28, Pl. Atty. Reply Aff. ¶ 11), or counterclaims with its defenses, and it may seek to add additional parties to absolve or limit its liability. All this will significantly delay resolution of this case. Adding Anastasi Trucking also would require remanding this case to state court, and with that remand the additional delays inherent therein. There is no prejudice, however, to the existing defendants bringing a timely action in another jurisdiction due to granting the belated motion, cf. Valentin, supra, 2016 U.S. Dist. LEXIS 136141, at *22, but the diversity killing nature of adding Anastasi Trucking here would deprive the original defendants of the effect of removal of this action.

     Plaintiff was diligent in prosecuting this action but the delay in adding a new defendant at this point in the case would be prejudicial to the existing defendants and to moving this case forward. The added twist here is that if plaintiff had filed a more timely motion for leave to amend, the effect of that amendment (as discussed below) would be to deprive this Court of removed diversity subject matter jurisdiction and cause the state court (be it in the pending action plaintiff commenced against Anastasi Trucking or in a separate action) essentially to start this case from scratch. Furthermore, the existence of plaintiff's pending state action against Anastasi Trucking does not prejudice him if untimely leave to amend is denied (see also Docket No. 27, Defs. Atty. Decl. ¶ 20). Plaintiff's motion (Docket No. 21) for leave to amend the Complaint to

add Anastasi Trucking as a defendant is untimely under the Scheduling Order entered in this Court and should be **denied**.

For a complete record and presuming that denial of leave due to the belated motion under Rule 16 is rejected, this Court next considers the merits underlying plaintiff's motion for leave to amend and to join this new party as an alternative disposition of plaintiff's motion.

III.     Joinder Permissible Under Rule 20(a)(2)

If leave were granted despite the delay in filing the motion, this joinder arises from the same occurrence, plaintiff's fall from the scaffolding. Plaintiff now claims that Anastasi Trucking had a role in erecting that scaffold. Defendants dispute whether Anastasi Trucking had such a role or whether Ventresca's actions in helping to erect the scaffold in fact caused plaintiff's injury, essentially arguing the futility of the amendment adding Anastasi Trucking.

Here, continuing to accept plaintiff's allegations as true for purposes of this motion, Anastasi Trucking did have a role in raising the scaffolding sufficient to have it joined as a defendant. While defendants argue that Anastasi Trucking may be held liable under different provisions of the New York Labor Law, that dispute is not material for the joinder question. For Rule 20(a)(2) joinder, the right plaintiff asserts against defendants and Anastasi Trucking are asserted against them jointly, severally or in the alternative from the same occurrence (the fall from the Yahoo! construction site scaffold) with common questions of fact, if not common questions of New York Labor Law. Thus, under Rule 20(a)(2), joinder **should occur**. The next step of the analysis is whether fundamental fairness weighs in favor of joinder.

IV.  Fundamental Fairness Factors

Applying as discussed below the four factors recognized to determine the fundamental fairness of amending this Complaint to add the non-diverse party, joinder **should not be allowed**.

  A.  Did Plaintiff Delay in Moving?

This delay analysis differs slightly from that under Rule 16(b) just discussed; under § 1447(e), the question in this factor is solely whether plaintiff delayed without regard to the prejudice to defendants from any delay (which is considered in another factor).  Plaintiff here waited almost a year after the deadline for motions to amend to add this new defendant, but argues that he did not discover who was involved in the construction of the offending scaffolding until recently (Docket No. 28, Pl. Atty. Reply Aff. ¶¶ 4-8).  As found above in the Rule 16(b) analysis, there is no proof that plaintiff delayed in identifying Anastasi Trucking as an additional party.

Plaintiff arguably cooperated in removal of this action originally by stipulating to dismissal of the sole New York defendant originally named (Town of Lockport IDA), stating expressly in the state Amended Complaint that the amount of damages exceeded $75,000.  While the stipulation may have been due to plaintiff's failure to perfect his claim against the agency, plaintiff did go out of his way (under New York law, cf. N.Y. CPLR 3017(c)) to amend the Complaint to state a damage claim that would meet the amount in controversy threshold for a removed diversity action, despite not needing to do that under New York procedure, cf. CPLR 3017(c); David D. Siegel, New York Practice § 217, at 372 (5th ed. 2011)).  If plaintiff wished to keep this case in state court, it could have resisted specifying damages or doing so in

such a manner as to meet the diversity jurisdiction threshold. The identification of Anastasi Trucking as a new defendant did not arise from plaintiff holding that information and delaying in acting upon it. This factor favors **joinder**.

      B.      Was There Prejudice to Defendants from Joinder?

Discovery was underway for about a year before plaintiff moved to name this new defendant. Defendants argue that this discovery is concluding and that dispositive motions are in the offing and they would be prejudiced if a new party were allowed to enter the case at this late stage. As noted under Rule 16(b), defendants would be prejudiced to have the case start over, and start over in a new jurisdiction. This factor favors **denying joinder**.

      C.      Likelihood of Multiple Litigations

Currently, there are at least two actions pending arising from plaintiff's fall from the scaffolding, this removed federal action and the action he filed in state court against Anastasi Trucking. Plaintiff referenced other cases arising from other accidents at the Yahoo! construction site, pending in New York State Supreme Court (see Docket No. 28, Pl. Atty. Reply Aff., Ex. A, deposition transcript, Emes v. M.A. Mortenson Company, et al., New York Supreme Court, Erie County). Plaintiff's state action against Anastasi Trucking would be under one section of New York Labor Law, § 200, while this case alleges three sections, §§ 240, 241, 200, as well as common law negligence. Aside from the impact of Labor Law §§ 240 and 241 claims upon Labor Law § 200 claims (as noted by the defense, Docket No. 27, Defs. Atty. Decl. ¶ 35), the risk of inconsistent findings is slight; furthermore, that risk exists presently under those sections since plaintiff has allegations against the existing defendants under each of those provisions. The pending state case against Anastasi Trucking has just started with no indication

to this Court that this defendant has yet to appear (or be served) while as previously discussed the present removed case is well into discovery. This factor favors **denying joinder**.

### D.  Plaintiff's Motivation

Plaintiff is motivated to have all responsible parties in one action. While the parties streamlined removal of this case (by stipulating to removal of the other non-diverse defendant, the Town of Lockport IDA, plaintiff amending the state Complaint to expressly claim damages over the diversity amount in controversy, despite not needing to do that under New York procedure, cf. CPLR 3017(c); David D. Siegel, New York Practice § 217, at 372 (5th ed. 2011)), it was assumed that all of the liable parties were in this case. Plaintiff subsequently learned that another subcontractor, Anastasi Trucking, may have been involved in the erection of the scaffolding at issue. Furthermore, the claims in this case arise under the strict liability of New York Labor Law; apportionment of that liability among defendants would make more sense in New York State court than in this Court, cf. Kregg, supra, 2008 U.S. Dist. LEXIS 73595, at *7. Plaintiff commenced his second, state action against Anastasi Trucking in order to avoid the statute of limitations bar against this new defendant. It is not apparent that plaintiff here was "groping to find any nondiverse defendant in order to defeat subject matter jurisdiction," id. at *7-8; plaintiff could have (for example) declined to stipulate out the non-diverse Town of Lockport IDA as a defendant and could have kept the case from being removed. Even with a defect in the notice of claim, if plaintiff were unwilling to have this case removed, he could have declined to stipulate out the Town of Lockport IDA and forced that defendant to move to dismiss on that prerequisite for suit against a municipal agency. Again, if plaintiff wanted to thwart federal jurisdiction, he had means to do so that he had not exercised. Finding out months later

17

that Ventresca helped to build the scaffold and who employed Ventresca did not motivate plaintiff now to seek remand of this case.  Plaintiff's motivation here is not to defeat federal court jurisdiction.  This factor favors **joinder**.

Considering these factors together, the prejudice of in effect starting anew this case in a new jurisdiction weighs against exercising discretion to allow joinder (and resulting remand).  This is despite the remaining factors justifying joinder and eventual remand.  Plaintiff's motion for leave to amend, to join the non-diverse defendant and resulting remand should be **denied**.

V.      Scheduling Order

Given the above recommendation, the Scheduling Order (Docket No. 19) remains an issue.  Until this motion ultimately is disposed of by Judge Lawrence Vilardo, the Amended Scheduling Order (Docket No. 19) including its discovery deadline of February 28, 2017, remains **held in abeyance** (see Docket No. 26).  If the recommendations herein are adopted, it is this Court's intention to revive the Scheduling Order and amend its deadlines in order that the parties may complete discovery.  If the recommendations are modified or rejected and leave is granted to add Anastasi Trucking as a defendant, the case will be remanded and scheduling will become a matter for resolution by the New York State Supreme Court.

## CONCLUSION

Based upon the above, it is recommended that plaintiff's motion for leave to amend the Complaint to join a non-diverse defendant (Docket No. 21) be **denied** on Rule 16(b) timeliness grounds; as a result, this action **should remain in this Court**.  Alternatively, if plaintiff's motion is deemed timely, that motion (id.) also should be **denied** for the reasons stated above and as a result, this action **should remain in this Court**.

If either of these recommendations are adopted (or modified such that this case remains in federal court), this Court will set a further Amended Scheduling Order.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and

19

recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
March 31, 2017