UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FRANCIS L. GUADAGNO,

        Plaintiff,

    v.                                       1:15-CV-00482
                                               DECISION & ORDER

M.A. MORTENSON COMPANY,
YAHOO! INC.,

        Defendants.

_____

On June 2, 2015, the plaintiff, Francis L. Guadagno, removed this action to this

Court under 28 U.S.C. §§ 1332(a), 1441, and 1446. Docket Item 1. On October 19,

2015, this Court referred the case to United States Magistrate Judge Hugh B. Scott for

all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 4. On January 26,

2017, the plaintiff moved to modify the scheduling order to extend the deadline to

amend the complaint; to amend the complaint; to join a non-diverse defendant, Anastasi

Trucking, Inc. ("Anastasi Trucking"); and to remand the case to New York State

Supreme Court, Erie County. Docket Item 21. On February 17, 2017, the defendants

responded, opposing all the motions. Docket Item 27. On March 31, 2017, Judge Scott

issued a Report and Recommendation ("R&R"), finding that the plaintiff's motions

should be denied. Docket Item 29.

On April 14, 2017, the plaintiff objected to the R&R on two grounds. First, the

plaintiff argued that Judge Scott incorrectly found that the plaintiff's good cause for

seeking leave to amend the complaint and join a party after the scheduling order's

deadline did not outweigh prejudice to the defendants. Docket Item 30. Second, the

plaintiff argued that Judge Scott erred when he considered the four factors for permissive joinder and remand under Rule 20. *Id.* at 4-6. On April 28, 2017, the defendants responded to those objections, arguing that Judge Scott correctly concluded that the potential prejudice to the defendants justified denying the plaintiff's motions. Docket Item 33. This Court heard oral argument on the plaintiff's objections to the R&R on June 6, 2017. Docket Item 35.

This Court has now carefully reviewed the thorough R&R, the record, the objection and response, the pleadings and materials submitted by the parties, and the oral argument transcript. Based on that review, this Court accepts the R&R in part and rejects it in part. Specifically, the Court accepts Judge Scott's finding that the plaintiff has shown good cause for leave to modify the scheduling order and amend the complaint as well as Judge Scott's finding of the reasons for the delay and the plaintiff's motivation for filing his Rule 20 motion. But the Court disagrees with Judge Scott's conclusion that prejudice to the defendants outweighs the plaintiff's good cause for leave to amend and that joinder should be denied because of the potential prejudice to the defendants. And for that reason, the Court declines to follow Judge Scott's recommendation and grants the plaintiff's motions.

## BACKGROUND

This case arises out of an incident on February 21, 2014, when the plaintiff was injured while performing work on a scaffold at a construction project expanding the Yahoo! Inc. ("Yahoo!") data center in Lockport, New York. Construing the facts and

circumstances of the plaintiff's proposed amendment in the light most favorable to the moving party[1] tells the following story.

Guadagno was employed by Manning Squires Hennig, a subcontractor of defendant M.A. Mortenson Company ("M.A. Mortenson"), in connection with the construction of the Yahoo! data center. Docket Item 27 at 2. On February 21, 2014, he was tasked with running a concrete vibrator to facilitate the pouring of a concrete wall. Docket Item 21-1 at 3. This task required him to walk along an elevated scaffold. *Id.* While working along the concrete wall, Guadagno lost his balance when he stepped backward along a part of the scaffold that had a step about which he was unaware. Docket Item 21-5 at 25. He fell off the scaffold, severely injuring his knee. *Id.* at 25-26.

Guadagno sued Yahoo! as the owner of the project and M.A. Mortenson as the general contractor. Docket Item 21-2. In the complaint, Guadagno alleged that the scaffold was not properly constructed because there was a one-foot drop on the platform; the turn buckles of the scaffold extended above the platform and created a tripping hazard; there were no hand rails; and the scaffold consisted of only one two-inch by ten-inch board. Docket Item 21-1. Guadagno alleged that these defects caused his fall and his injury. *Id.*

---

[1] When a party seeks to amend a pleading to add a non-diverse defendant after removal under 28 U.S.C. § 1447(e), "the proper inquiry" for addressing the futility of a proposed amendment—an argument that the defendants raise in substance, if not form, by arguing that Anastasi Trucking, Inc., ultimately will not be liable to the plaintiff— "is comparable to that required upon a motion to dismiss pursuant to Rule 12(b)(6)." *See Cooper v. Tr. of the Coll. of the Holy Cross*, 2014 U.S. Dist. LEXIS 82464, at *34 (S.D.N.Y. June 17, 2014) (quoting *Aetna Cas. and Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir. 2005). The court must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party.

After the defendants removed the action to federal court, Judge Scott issued the first scheduling order on December 17, 2015. Docket Item 11. That order set January 15, 2016, as the deadline to amend pleadings. *Id.* It also set September 16, 2016, as the deadline for the completion of discovery. *Id.* On July 26, 2016, the defendants moved to extend discovery, Docket Item 15, and Judge Scott granted that motion, setting February 28, 2017, as the new discovery deadline, Docket Item 19. The parties engaged in paper discovery, and in September 2016 Guadagno and a representative of defendant M.A. Mortenson gave their depositions. Docket Item 21-5, 21-7.

Guadagno's initial disclosures identified Joseph Ventresca—a "co-worker"—as someone with information supporting the plaintiff's liability claims. Docket Item 27-1 at 3. Guadagno disclosed that "Mr. Ventresca apparently did not witness the incident but may be a witness to the condition of the scaffold before and after the incident." *Id.* At that time, Guadagno knew that Ventresca worked for Anastasi Trucking on the subject job at the Yahoo! data center, that he was present in the area of the incident on the date it occurred, and that he therefore would likely be a witness. Docket Item 28 at 2.

On January 5, 2017, the plaintiff's attorneys learned—in the course of handling another claim concerning the Yahoo! job site—that Ventresca's testimony might take on greater significance in this action. More specifically, in the course of their representation of an employee of Anastasi Construction in another action, plaintiff's counsel took the deposition of a representative of Mortenson Concrete on January 6, 2017. Docket Item 28 at 2-3. That deponent testified that "Anastasi laborers were involved in the unloading of the doors" because "[t]hey had laborers on site" and "not because it was a part of the scope of their work . . . ." Docket Item 28-1 at 10-11. The

4

deponent also testified that those laborers were "under the direction of [a foreman] from Anastasi." *Id.* at 16. That testimony informed plaintiff's counsel that Anastasi Trucking's employees performed work outside the scope of Anastasi Trucking's contract and may have assisted other contractors. Docket Item 28 at 3. It was a clue that Anastasi Trucking's employees might have helped erect the scaffold at issue; if so, Guadagno might have a claim against Anastasi Trucking, too.

The parties conducted the first nonparty depositions in this matter on January 12, 2017. Docket Item 27 at 3. The day before those depositions, on January 11, 2017, plaintiff's counsel notified the Court and opposing counsel that Guadagno might pursue an action against Anastasi Trucking, writing:

> I am prepared to go forward with the depositions tomorrow and next week, but I don't want the depositions to be used as a basis for denying remand. I am letting the Court and Mr. Wallace [counsel for the defendants] know of this situation, as I want to err on the side of caution in this matter. If you would like to bring us in for a pretrial on this matter, I would sincerely appreciate it.

Docket Item 21-9. Those depositions proceeded without further objection. Docket Item 21-1 at 4.

Ventresca was one of the deponents on January 12, 2017. He testified that he had indeed "jumped in to help Manning Squires finish the scaffolding that day," helped "place some scaffold planks," and "help[ed] them place some L brackets." Docket Item 21-10 at 11-12. This testimony—firsthand from an Anastasi Trucking employee—for the first time confirmed that Guadagno had a claim against Anastasi Trucking for the injury caused by his fall from the scaffold.

Less than two weeks later, on January 23, 2017, Guadagno commenced a separate action in state court against Anastasi Trucking. Docket Item 21-13. Three

days after that, on January 26, 2017, Guadagno filed the instant motions before Judge Scott for leave to amend the complaint, to join Anastasi Trucking in this action, and to remand the matter to New York State Supreme Court. Guadagno's motions thus were made before the discovery deadline on February 28, 2017, but well after the deadline to amend the pleadings and join a party that had passed on January 15, 2016. The motions were fully briefed by February 17, 2017, Docket Item 28, and Judge Scott issued his R&R on March 31, 2017, Docket Item 29.

In his R&R, Judge Scott concluded that Guadagno's motions should be denied for two independent reasons. Judge Scott first noted that Guadagno's motions were untimely because they were made a year after the deadline for amending pleadings. Docket Item 29 at 14. Judge Scott found that even though Guadagno had shown good cause for this late amendment, the prejudice to the defendants justified denying leave to amend. Docket Item 29 at 14.

Judge Scott also found that even if the plaintiff should be granted leave to amend under Rule 16, joinder of a non-diverse party—resulting in remand—was not warranted. He based that conclusion on the four factors of fundamental fairness that guide the court's consideration of a motion for permissive joinder under Fed. R. Civ. P. 20 and 28 U.S.C. § 1447(e). *Id.* at 18. Those factors are: whether the plaintiff delayed in moving to amend, the resulting prejudice to the defendants from joinder, the likelihood of multiple litigation, and the plaintiff's motivation in moving to amend. *See, e.g.*, *Master v. Erie Ins. Co.*, 2014 U.S. Dist. LEXIS 19037, at *6 (W.D.N.Y. Feb. 13, 2014). Judge Scott concluded that the plaintiff's motivation weighed in favor of permitting joinder,

Docket Item 29 at 16, 18, but that the prejudice to the defendants and considerations involving multiple litigation justified denying joinder, *id.* at 16, 17.

## **DISCUSSION**

### I.   **STANDARD OF REVIEW**

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But a district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  This Court therefore reviews Guadagno's motions de novo.[2]

The plaintiff's motion to amend has been brought after removal, so 28 U.S.C. § 1447(e) generally governs.  *See Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y. 2003).  Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "[T]he decision to join new parties, even if those parties destroy diversity and require a remand, is within the sound discretion of the trial court."  *Moncion v. Infra-Metals Corp.*, 2002 WL 31834442, at *2 (S.D.N.Y. Dec. 18, 2002); *see also Master*, 2014 U.S. Dist. LEXIS 19037, at *4.

---

[2] Because granting the plaintiff's motion will defeat diversity and require remand, an order will "determine[] the fundamental question of whether [this] case [should] proceed in a federal court."  *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008) (quoting *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998)).  Thus, the plaintiff's motions are dispositive, resulting in the magistrate judge's R&R subject to de novo review by the district court, rather than a pretrial matter decided by the magistrate judge. *See id.*

When a party seeks leave to amend the complaint after the deadline in the scheduling order has passed, a "Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The same reasoning applies to a Rule 20 motion to join additional parties filed after the scheduling order's deadline. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Bowling Green Recycling, LLC*, 2017 WL 1380469, at *2 (W.D. Ky. Apr. 13, 2017) ("[I]f the Court considered only Rule 19(a) or Rule 20(a) without regard to Rule 16(b), the Court would render the scheduling order meaningless and effectively would read Rule 16(b)(4) and its 'good cause' requirement out of the Federal Rules of Civil Procedure."). Thus, the Court will first consider Guadagno's good cause under Rule 16(b) before proceeding to consider the motions under Rule 20(a) and 28 U.S.C. § 1447(e).

## II.     RULE 16(B) TIMELINESS OF AMENDMENT

Under the scheduling order, the deadline to amend pleadings was January 15, 2016. Docket Item 11. Guadagno's motion came more than a year later—on January 26, 2017. Docket Item 21. The purpose of Rule 16 is "to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" *Parker*, 204 F.3d at 340 (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). "In the absence of some showing of why an extension is warranted, the scheduling order shall control." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1 (2d ed. 1990).

Modification of a scheduling order is appropriate "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether the moving party has shown good cause,

> the primary consideration is whether the moving party can demonstrate diligence. It is not however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also *may* consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants.

*Armstrong Pump, Inc. v. Hartman*, 2013 WL 6230110, at * 5 (W.D.N.Y. Dec. 2, 2013) (quoting *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)) (emphasis in original).

Once a moving party demonstrates good cause to amend, Fed. R. Civ. P. 15(a) guides a district court's discretion. *See Hernandez v. Immortal Rise, Inc.*, 2013 WL 170329, at *4 (E.D.N.Y. Apr. 19, 2013) ("Even though plaintiffs show good cause to amend the scheduling order as to [the new party], the Court must also evaluate whether amendment is proper under Fed. R. Civ. P. 15(a)."), *report and recommendation adopted in part*, 2014 WL 991715; *Moore v. Publicis Groupe SA*, 2012 U.S. Dist. LEXIS 92675, at *15 (S.D.N.Y. June 28, 2012) ("After the moving party demonstrates diligence under Rule 16, the court applies the standard set forth in Rule 15 to determine whether the amendment is proper."). But when "a scheduling order governs amendments to the complaint . . . the lenient standard under Rule 15(a) which provides leave to amend shall be freely given must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quotations and citations omitted).

This Court has "broad discretion concerning [] pleadings" to consider a proposed amendment.[3]  *Kassner*, 496 F.3d at 245.  "A decision to grant or deny a motion to amend is within the sound discretion of the trial court.  . . . It will not be overturned on appeal absent an abuse of discretion."  *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (citations omitted).  On balance, the scheduling order here should be modified to permit the plaintiff's amendment because the plaintiff has shown good cause and no other relevant factor—in particular, prejudice to the defendants— requires otherwise.

### A.    Good Cause

Good cause "depends on the diligence of the moving party," *Parker*, 204 F.3d at 340, and the moving party bears the burden of demonstrating good cause under Rule 16(b), s*ee Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997).  A moving party "may demonstrate 'good cause' by moving to amend promptly after the discovery of new evidence following the scheduling deadline."  *Valentin v. City of Rochester*, 2016 U.S. Dist. LEXIS 136141, at *20 (W.D.N.Y. Sept. 30, 2016) (Payson, Mag. J.) (citations omitted).  But good cause is lacking when the movants have the information supporting the joinder of a new party or the amendment of a pleading and fail to act, *see Parker*, 204 F.3d at 341 (finding no good cause when the party "was

_____

[3] This discretion rests with the district court.  While under Fed. Civ. P. 72(a), a district court may modify or set aside the non-dispositive orders of a magistrate judge on pretrial matters only when they are "clearly erroneous or contrary to law," Guadagno's motions are dispositive.  *See Williams*, 527 F.3d at 266.  Therefore, the parties are entitled to de novo review of those portions of the R&R to which they objected.  Fed. R. Civ. P. 72(b)(3).  De novo review precludes deference to the findings of the magistrate judge's R&R, so in conducting that review, any discretion rests with the district court. *See Kassner* 496 F.3d at 245.

aware . . . of his rights . . . prior to and throughout the course of this litigation."), or when movants fail to explain when the new information was discovered, *Rambarran v. Mount Sinai Hosp.*, 2008 U.S. Dist. LEXIS 30580, at *8-9 (S.D.N.Y. Mar. 28, 2008).

The defendants argue that because he was aware of Ventresca as a witness and could have investigated further, Guadagno has not shown good cause for moving to amend after the deadline based on Ventresca's testimony. Docket Item 33 at 2-3. The defendants question how much Guadagno knew about Ventresca's involvement and argue that the failure to investigate further demonstrates the absence of good cause here. *Id.* But the defendants offer no evidence of delay or dereliction to support this assertion. And in the normal course of litigation, a party often does not learn the extent of a witness's knowledge of or involvement in an incident until that witness's deposition is taken. That is exactly what happened here.

Guadagno acted diligently—by promptly disclosing the possibility of adding Anastasi Trucking as a party, by promptly acting on information when he received it, and by promptly pursuing all potential claims as he became aware of them. Before January 2017, Guadagno knew only that Ventresca was present on the Yahoo! job site, and he disclosed that fact. Docket Item 27-1 at 3. Until he learned that Ventresca actually helped erect the scaffolding, Guadagno did not yet "ha[ve] all the information necessary to support a [] claim" against Anastasi Trucking. *Parker*, 204 F.3d at 341. So Guadagno did not fail to act on the information that he had. *See id.* at 341.

And when he learned of Ventresca's role in erecting the scaffolding, Guadagno acted quickly and appropriately. Plaintiff's counsel first learned on January 5, 2017— through the good fortune of representing another worker from the same job site—that

Ventresca's involvement might support a claim against Anastasi Trucking. Docket Item 28 at 2-3. Within six days, counsel informed the court and opposing counsel. Docket Item 21-9. That was diligent indeed.[4] Guadagno confirmed Ventresca's role in the assembly of the scaffold—the basis of the claim against Anastasi Trucking—only at Ventresca's deposition on January 12, 2017. *See* Docket Item 21-1 at 2. Less than two weeks later, on January 24, 2017, Guadagno filed a separate action against Anastasi Trucking, and on January 26, 2017, Guadagno moved to join Anastasi Trucking in this case. *See id.* at 5.

Such prompt action after the late discovery of critical facts shows Guadagno's diligence and establishes good cause. Guadagno informed opposing counsel and the court within days of discovering new information and moved for relief only two weeks later. That is well within the bounds of delay acceptable to show good cause. *See Hernandez*, 2013 WL 1703529, at *4 (finding good cause for leave to amend a scheduling order to add deponent's employer as a defendant *six weeks* after learning underlying facts in the deposition); *Enzymotect Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) ("[F]iling a motion to amend within *two months* of acquiring the information is sufficient to show diligence.") (emphasis added and citations omitted); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 WL 1257803, at *11 (E.D.N.Y. Mar.

---

[4] The fact that the defendants did not know until the day before Mr. Ventresca's deposition that his testimony might support Anastasi Trucking's liability—and therefore remand— does not change that conclusion. Guadagno did not learn about that possibility until one week earlier. And Guadagno alerted the defendants to the possibility of remand before the deposition. Informing opposing counsel so promptly of new information that might affect liability and jurisdiction shows precisely the diligence that is the primary consideration for good cause. *See Kassner*, 496 F.3d at 244.

26, 2010) (granting motion to amend filed *three months* after newly-discovered evidence); *Margel v. E.G.L. Gem Lab Ltd.*, 2010 WL 445192, at *10 (S.D.N.Y. Feb. 8, 2010) (granting motion to amend filed *six months* after discovery of new evidence).

## B.    Prejudice to Nonmoving Party

"After the moving party demonstrates diligence under Rule 16, the Rule 15 standard applies to determine whether the amendment is proper."  *Grant v. Citibank (South Dakota), N.A.*, 2010 WL 5187754, at *7 (S.D.N.Y. Dec. 6, 2010) (citations omitted).  This Court therefore must weigh Guadagno's good cause against "other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants."  *Kassner*, 496 F.3d at 244. Here, the defendants claim that they will be prejudiced by the amendment because adding Anastasi Trucking "(1) would require further extending discovery; (2) add a party which could alleges [sic] claims, crossclaims, counterclaims and defenses and may seek to add further parties; and will (3) significantly delay resolution of this case." Docket Item 33 at 4.

Prejudice is sufficient to deny leave to amend a pleading when "the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted).  "The concepts of delay and undue prejudice are interrelated—the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." *Davidowitz v. Patridge*, 2010 U.S. Dist. LEXIS 42322, at *5 (S.D.N.Y. Apr. 23, 2010);

*see also Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir.1983) ("The proper standard is one that balances the length of the delay against the resulting prejudice.") (citations omitted).

Here, where Guadagno hardly delayed at all, the defendants must show clear prejudice. They have not done that.

First, any new discovery that will result from joining Anastasi Trucking will not require the current defendants to expend additional resources significant enough to constitute prejudice. The depositions already taken and the discovery already conducted still will be useful to the current defendants in defending a state court action against Guadagno. Contrary to the defendants' claims, they will not have to "start from scratch." Docket Item 33 at 4. Rather, Anastasi Trucking will be entitled to supplement the disclosure and depositions, just as the current parties will be entitled to discovery from Anastasi Trucking. What is more, if Anastasi Trucking adds the current defendants here to the state court case now pending against Anastasi Trucking—a likely strategy in light of Anastasi Trucking's affirmative defenses in that case, *see infra* at 21—all that additional discovery would take place anyway.

And even if additional discovery is necessary, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Tr. Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989) (citations omitted); *see also Margel*, 2010 WL 445192, at *12 (collecting cases). The defendants argue that they already have spent $15,000 on this matter, which they would need to duplicate if the plaintiffs amend the complaint. Docket Item 33 at 5. But even if that sum were large enough to turn this

14

Court's head, "the fact that one party has spent time and money preparing for trial will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings." *Monahan v. N.Y. City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000) (citing *Block*, 988 F.2d at 351); *see also A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) ("Allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute 'undue prejudice.'") (citing *Block*, 988 F.2d at 351).

There are practical reasons to grant Guadagno's motions as well. Right now, he has a claim against Yahoo! and M.A. Mortenson pending in this Court and an identical action against Anastasi Trucking—for the same injuries resulting from the same incident—pending in state court. It makes little sense to have two parallel and virtually identical cases on separate tracks in two courts. "The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [] activity." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (finding managerial responsibility for courts to oversee joinder of additional parties in actions under the Age Discrimination in Employment Act). Therefore, considerations of judicial efficiency also counsel in favor of granting Guadagno's motions.

Joining Anastasi Trucking and remanding the case may delay its resolution, of course. The defendants argue that this delay would be inappropriate because "[d]iscovery, including expert disclosures, was complete [in this case] with motions for summary judgment due to be filed by 4/28/17." Docket Item 33 at 5. But Guadagno filed his motions a month before the close of discovery. *See* Docket Item 11. And even if discovery had closed, that alone would not justify denying leave to amend. *See*

*Nycomed U.S. Inc.*, 2010 WL 1257803, at *12 ("The fact that discovery has ended does not alter this conclusion [that additional discovery did not constitute prejudice].") (citations omitted); *Margel*, 2010 WL 445192, *12 ("The prejudice that would flow from any additional required discovery can generally be mitigated by adjustments to the discovery schedule.") (citations omitted).

While a court does not abuse its discretion in denying an amendment "when the motion was filed [after] discovery had been completed and a summary judgment motion was pending," *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003), that is not the case here. When Guadagno moved, no trial date had been set, discovery had not yet ended, and no dispositive motions had been filed. *See, e.g., Benefitvision Inc. v. Gentiva Health Servs., Inc.*, 2015 WL 1034543, at *14 (E.D.N.Y. Feb. 9, 2015), *report and recommendation adopted over objection*, 2015 WL 1034567 (E.D.N.Y. Mar. 10, 2015) ("Here, after numerous extensions of the discovery deadlines, the closure of discovery and the adjudication of two summary judgment motions, it is time for this case to move forward to trial."). Nor does the proposed joinder of Anastasi Trucking raise factual claims unrelated to the events in the original complaint. *See, e.g., A.V. by Versace, Inc.*, 87 F. Supp. 2d at 299. So the delay about which the defendants complain is not significant enough to tip the balance.

Because Guadagno has shown good cause for leave to amend the complaint to add Anastasi Trucking, and because the defendants will not be significantly prejudiced by such amendment, there is good reason under Rule 16 to grant the plaintiff's motion for leave to amend the complaint. The Court therefore proceeds to consider the plaintiff's motion for permissive joinder and remand.

### III.   PERMISSIVE JOINDER UNDER RULE 20(A)(2) AND 28 U.S.C. § 1447(e)

Because joining Anastasi Trucking would defeat this Court's diversity jurisdiction, and because this motion was made post-removal, the remand procedures under 28 U.S.C. § 1447(e) apply.  Moreover, because joinder of Anastasi Trucking is permissive and not required, the permissive-joinder standard of Fed. R. Civ. P. 20 applies as well.

When § 1447(e) and Rule 20(a)(2) govern, the court determines "whether joinder and remand . . . would comport with principles of fundamental fairness."  *Hosein v. CDL W. 45th St., LLC*, 2013 U.S. Dist. LEXIS 130030, at *11 (S.D.N.Y. June 12, 2013) (quoting *Deutchman v. Express Scripts, Inc.,* 2008 U.S. Dist. LEXIS 61111, at *3 (E.D.N.Y. Aug. 11, 2008)).  The court engages in a two-step analysis.  First, the court determines whether joinder is permissible under Fed. R. Civ. P. 20(a).  If so, the question becomes one of fundamental fairness, and "the decision whether to admit new parties remains within the sound discretion of the trial court."  *Masters*, 2014 U.S. Dist. LEXIS 19037, at *5 (quoting *Hosein*, 2013 U.S. Dist. LEXIS 130030, at *10).  The court's discretion is guided by four factors that echo the analysis conducted above under Rules 15 and 16: "(1) any delay, as well as the reason for delay in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment."  *Id.* at *6 (citations omitted).  These factors should be considered in light of the totality of the circumstances.  *See Vanderzalm v. Sechrist Indus.*, 875 F. Supp. 2d 179, 184 (E.D.N.Y. 2012).

### A.  Rule 20(a) Permissive Joinder

Parties may be joined as defendants under Rule 20(a) if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising

out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). Guadagno's claims against Anastasi Trucking and his claims against Yahoo! and M.A. Mortenson all result from the same occurrence—Guadagno's fall from the scaffold. For purposes of this motion, this Court must accept as true the plaintiff's claim that Yahoo!, M.A. Mortenson, and Anastasi Trucking all had a role in erecting that scaffold. *See Cooper*, 2014 U.S. Dist. LEXIS 82464, at *34. So the claims that Guadagno asserts against the existing defendants and against Anastasi Trucking are asserted against them all jointly, severally, or in the alternative, and they all arise from the same occurrence, raise the same issues, and therefore invoke the same questions of law and fact. Thus, joinder is appropriate under Rule 20(a)(2).

### B. Fundamental Fairness

Judge Scott considered the fundamental fairness of joining a non-diverse party and found that the first and fourth factors—the reason for the plaintiff's delay and the plaintiff's motivation—favored joinder. But Judge Scott found that the second and third factors—prejudice to the defendants and the likelihood of multiple litigation—favored denying joinder and outweighed the other two factors. The plaintiff objects to Judge Scott's conclusion that the second and third factors outweigh the others. For the following reasons, this Court agrees with the plaintiff and finds that joinder is proper under Rule 20.

### 1. The Reason for the Plaintiff's Delay

Judge Scott found that there was no evidence that the plaintiff delayed in identifying Anastasi Trucking as an additional defendant and that this factor favors

joinder.  Docket Item 29 at 15-16.  The parties did not object to this determination.  This Court agrees with Judge Scott that this factor favors joinder.

### 2.    Prejudice to the Defendants

Judge Scott used the Rule 15 and 16 standards to analyze the prejudice to the defendants under Rule 20.  While the standards under Rules 15 and 16 and under Rule 20 certainly are similar and overlap, those procedural rules address different issues.  For analytical clarity, this Court therefore analyzes prejudice to the defendants here under the Rule 20 standard and in light of the caselaw addressing that standard.

The defendants argue that they will be prejudiced by joinder because "defendants would be required to re-do discovery."  Docket Item 33 at 6.  This argument fails for two reasons.  First, while the parties have completed eight depositions in total, the defendants participated in the last six with full knowledge that the plaintiff was contemplating adding Anastasi Trucking and seeking remand.  Docket Item 21-9.  If defendants have to "re-do" those depositions, there is nothing fundamentally unfair about that because the defendants were on notice of the plaintiff's plan when those depositions were taken.  Second, as noted above with respect to Rules 15 and 16, "the potential for additional discovery alone is not sufficient to constitute prejudice."  *Buffalo State Alumni Ass'n v. Cincinnati Ins. Co.*, 251 F. Supp. 3d 566, 569-70 (W.D.N.Y. 2017) (granting motion to join a non-diverse party and remand to state court under Rule 20 and 28 U.S.C. § 1447(e)) (citations omitted).  In fact, the need to conduct additional discovery is standard when pleadings are amended to add a new party.  *Gurksy v. Northwestern Mut. Life Ins. Co.*, 139 F.R.D. 279, 283 (E.D.N.Y. 1991) (noting "additional discovery is standard fare . . . and the Court finds nothing prejudicial in having to defend

19

this action in state court.").  The defendants' argument that remand would force it to "start [discovery] from scratch," Docket Item 33 at 4, thus not only mischaracterizes the situation, but it also fails to demonstrate enough prejudice to justify denying joinder.

The defendants also argue that joinder and remand will "significantly delay resolution of the case."  Docket Item 33 at 4.  But the facts do not demonstrate a delay from joinder that amounts to unfair prejudice.  When the plaintiff moved to join Anastasi Trucking, this case was 20 months old.  While courts have denied joinder when a case is older, *see Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970) (finding that denying  permissive joinder after more than four years of litigation and six thousand pages of deposition testimony was within the district court's discretion), the plaintiff here sought joinder at a reasonable point in the litigation, *see Cardinal Health Sols., Inc. v. Valley Baptist Med. Ctr.*, 2008 U.S. Dist. LEXIS 99187, at *12 (S.D. Tex. Dec. 8, 2008) (permitting joinder more than a year after the deadline even though "[t]his case ha[d] been pending for almost a year and a half, and the Court ha[d] granted numerous extensions of discovery deadlines and moved the trial date twice.").  Furthermore, "it is not clear that such a delay is prejudicial," but "[t]o the extent that resolution of this case is delayed by remand to state court, the date at which [the defendants] would potentially have to pay out . . . to the plaintiff is also delayed." *Abraham Natural Foods Corp. v. Mount Vernon Fire Ins. Co.*, 576 F. Supp. 2d 421, 425-26 (E.D.N.Y. 2008) (granting permissive joinder of non-diverse defendant and remanding to state court nearly three years after initial removal).

Neither additional discovery nor further delay is a source of significant prejudice to the defendants.  Thus, this factor favors joinder.

### 3. Likelihood of Multiple Litigation

The plaintiffs maintain that joining Anastasi Trucking and remanding this case to state court will prevent multiple litigation. The defendants argue that the state court action against Anastasi Trucking is frivolous, so keeping this action in federal court will not lead to multiple litigation. For the following reasons, this Court agrees with the plaintiff.

As noted above, Guadagno already has filed a separate action in New York State Supreme Court against Anastasi Trucking. Docket Item 21-13. Anastasi Trucking answered on July 26, 2017. *See Answer with Affirmative Defenses*, *Guadagno v. Anastasi Trucking*, No. 801167/2017 (Sup. Ct. Erie Cty. 2017). Anastasi Trucking's answer asserts defenses that the conduct of others caused the plaintiff's damages and that its damages should be limited to its share of liability. *See id.* at ¶14-16. So the liability of the defendants in this case is certainly at issue in the state court action.

Judge Scott concluded that litigating the instant case separately from that state court action presented only a slight risk of inconsistent findings. Docket Item 29 at 16. But because all Guadagno's claims—those pending in state court and those currently pending here—involve common allegations that he fell from an unsafe scaffold, having separate juries resolve the same factual questions and evaluate the same damages might well lead to inconsistent results.

A comparison of the pleadings in both cases underscores the point. The amended complaint in this action and the complaint in the state court action against Anastasi Trucking both assert nearly identical claims. One asserts claims for "serious personal injuries [sustained] when [Guadagno] fell off an inadequate and improperly placed and operated scaffold," Docket Item 21-2 at 15 (exhibit A), and the other asserts

claims for "serious personal injuries [sustained] when [Guadagno] fell while working on a scaffolding system that was improperly constructed, placed and operated," *Summons and Complaint, Guadagno v. Anastasi Trucking*, No. 801167/2017 (Sup. Ct. Erie Cty. 2017). The amended complaint here alleges that these injuries were "caused by a breach of the defendants' . . . duty and obligation to furnish and provide a safe place to work; to furnish and provide adequate protection. . . and . . . their violation of the New York State Labor Law and their negligence." Docket Item 21-2 at 15-16. Similarly, the complaint in the state court action asserts that Anastasi Trucking breached a duty to "furnish and provide . . . a safe place to perform the work required . . . [and] keep and maintain the property and construction project in a safe and secure condition" by its "violation of the New York State Labor Law and [its] negligence." *Summons and Complaint, Guadagno v. Anastasi Trucking*, No. 801167/2017 (Sup. Ct. Erie Cty. 2017). Indeed, the state court complaint also alleges that Yahoo! and M.A. Mortenson owed the same duties to Guadagno. *Id.* And both cases seek the same damages. *Compare* Docket Item 21-2 at 18 *with Summons and Complaint, Guadagno v. Anastasi Trucking*, No. 801167/2017 (Sup. Ct. Erie Cty. 2017). So both cases involve essentially the same issues of fact.

The actions also involve the same issues of law. In this action, Guadagno raises claims under New York State Labor Law §§ 200, 240(1), and 241(6), as well as for negligence. Docket Item 21-2 (exhibit A). In the state court action against Anastasi Trucking, he asserts claims under the same provisions of New York law and for negligence. *See Summons and Complaint, Guadagno v. Anastasi Trucking*, No. 801167/2017 (Sup. Ct. Erie Cty. 2017).

Because both actions involve substantially the same claims, a single jury should hear them both: "[T]he joinder of these parties will promote trial convenience and will prevent the possibility, if not the likelihood, of multiple litigation." *Grogan v. Babson Bros. Co.*, 101 F.R.D. 697, 699 (N.D.N.Y. 1984) (permitting non-diverse defendant to be joined under Rule 20); *see also Buffalo State Alumni Ass'n*, 251 F. Supp. 3d at 570 ("[J]udicial economy will be furthered by preventing the proliferation of multiple litigations."). "Accordingly, remand of the present action will avoid wasting judicial resources as well as the inherent dangers of inconsistent results, both of which are at risk when parallel state and federal actions proceed simultaneously." *Gurksy*, 139 F.R.D. at 283 (joining non-diverse defendant under Rule 20).

The defendants assert that two cases on separate tracks will not actually lead to multiple litigation because "the alleged liability of Anastasi is at best thin, if not truly non-existent." Docket Item 27 at 6. But that purely factual argument is misplaced. In substance, the defendants are arguing that the plaintiff's amendment of the pleadings to add Anastasi Trucking will be futile.[5] Because the Court accepts the facts underlying the plaintiff's allegations as true for the purpose of these motions, however, the defendants' argument is akin to saying that a party is entitled to dismissal because the opponent's evidence is not very strong. *See Cooper*, 2014 U.S. Dist. LEXIS 82464, at *34 ("in addressing the proposed futility of an amendment, the proper inquiry is comparable to that required upon a motion to dismiss pursuant to Rule 12(b)(6)") (quoting *Aetna Cas. and Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 604 (2d Cir.

---

[5] According to the defendants, because the liability of Anastasi Trucking is "at best thin," the state court action cannot proceed and there will be no multiple litigation.

2005).  Because the plaintiff's pleadings suggest otherwise, the defendants' factual assertion—that Anastasi Trucking bears no liability—fails.

Finally, the defendants argue that "[p]laintiff has come forward with no evidence" of Anastasi Trucking's liability.  Docket Item 27 at 8.  But that is not true.  According to the plaintiff, Ventresca testified that Anastasi Trucking employees were "doing odd things" for Mortenson, Docket Item 28 at 7, and he himself actually helped "finish the scaffolding that day," Docket Item 21-10 at 11.  If that is true, and if the scaffolding was erected improperly as Guadagno alleges, Anastasi Trucking may well be liable to him. Indeed, who is to say that Ventresca did not perform the very work that made the scaffolding unsafe?  Only time, and discovery, will tell.

Guadagno is correct that the risk of multiple litigation will be minimized by granting his motion to join Anastasi Trucking and remanding the case to state court for a consolidated proceeding.  Therefore, this factor also favors joinder.

### 4.    The Motivation for the Plaintiff's Motion

Judge Scott found that the plaintiff's motivation in filing these motions is to have all responsible parties in a single action.  Docket Item 29 at 17.  This Court agrees that this factor favors joinder.

### CONCLUSION

Because the plaintiff has shown good cause that outweighs any prejudice to the defendants from amending the scheduling order, he is entitled to modification of the scheduling order under Rule 16 and leave to amend the complaint.  Moreover, because Anastasi Trucking may be properly joined under Rule 20(a), and because

24

considerations of fundamental fairness counsel in favor of joining Anastasi Trucking and remanding this action to state court, joinder and remand are appropriate as well.

For the reasons stated above, the plaintiff's motion for leave to amend the complaint is GRANTED, and the plaintiff's motions to join Anastasi Trucking as a party and remand this case to state court are likewise GRANTED. Docket Item 21. The Clerk of the Court is directed to REMAND the case to New York State Supreme Court, Erie County, and to close the file.

SO ORDERED.


Dated:      September 28, 2018
            Buffalo, New York


                                        *s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE